KAMALA D. HARRIS
Attorney General of California
Suzanne Antley
Deputy Attorney General
TERRENCE F. SHEEHY
Deputy Attorney General
State Bar No. 203986
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9545
 Fax: (619) 645-2581
 E-mail: Terrence.Sheehy@doj.ca.gov
*Attorneys for Defendants J. Wilborn and D. Ramos*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARISSA LOFTIS, et al.,** | 3:16-cv-02300-MMA-DHB |
| Plaintiff, | **ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| **D. RAMOS, et al.,** | **JURY DEMAND** |
| Defendants. | |

Defendants J. Wilborn and D. Ramos (Defendants) answer the Complaint, filed on September 13, 2016, (ECF. No. 1), and admit, deny, and allege as follows:

1. For an answer to paragraph I, page 1[1] of the Complaint, "Related Cases," Defendants lack sufficient information and belief upon which to admit or deny the allegations therein.

---

[1] All page references are made to the ECF filing stamp at the top of the Complaint because it appears that Plaintiffs filed and served an incomplete copy of the Complaint. As evidence of such, the allegations skip from paragraph 56 to 61 on ECF stamp pages 23 and 24 of the Complaint, while Plaintiff's page numbering at the bottom of the Complaint skips from page 23 to 26. The allegations also skip from paragraph 64 to 67 on ECF stamp pages 25 and 26 of the Complaint, while Plaintiff's page numbering at the bottom of the Complaint skips from page 27 to 29.

2. For an answer to paragraph 1, page 2 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations therein.

3. For an answer to paragraph 2, page 2 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations therein.

4. For an answer to paragraph 3, beginning on page 2 of the Complaint and continuing on page 5 of the Complaint, Defendants deny the allegations therein.

5. For an answer to paragraph 1, page 3 of the Complaint, the statement therein does not contain an allegation and therefore does not require an admission or denial.

6. For an answer to paragraph 2, page 3 of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested therein.

7. For an answer to paragraph 3, page 3 of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested therein.

8. For an answer to paragraph 4, page 3 of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested therein.

9. For an answer to paragraph 5, page 3 of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested therein.

10. For an answer to paragraph 6, page 3 of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested therein.

11. For an answer to paragraph 4, page 5 of the Complaint, Defendants deny the allegations therein.

12. For an answer to paragraph 5, page 5 of the Complaint, Defendants deny the allegations therein.

13. For an answer to paragraph 6, beginning on page 5 of the Complaint and continuing on page 6 of the Complaint, Defendants deny the allegations therein.

///

14. For an answer to paragraph 7, page 6 of the Complaint, Defendants deny the allegations therein.

15. For an answer to paragraph 8, page 6 of the Complaint, Defendants deny the allegations therein.

16. For an answer to paragraph 9, page 7 of the Complaint, Defendants deny the allegations therein.

17. For an answer to paragraph 10, page 7 of the Complaint, Defendants deny the allegations therein.

18. For an answer to paragraph 11, beginning on page 7 of the Complaint and continuing on page 8 of the Complaint, Defendants deny the allegations therein.

19. For an answer to paragraph 12, page 8 of the Complaint, Defendants deny the allegations therein.

20. For an answer to paragraph 13, beginning on page 8 of the Complaint and continuing on page 9 of the Complaint, Defendants deny the allegations therein.

21. For an answer to paragraph 14, page 9 of the Complaint, Defendants deny the allegations therein.

22. For an answer to paragraph 15, page 9 of the Complaint, Defendants deny the allegations therein.

23. For an answer to paragraph 16, page 9 of the Complaint, Defendants deny the allegations therein.

24. For an answer to paragraph 17, beginning on page 9 of the Complaint and continuing on page 10 of the Complaint, Defendants deny the allegations therein.

25. For an answer to paragraph 18, page 10 of the Complaint, Defendants deny the allegations therein.

26. For an answer to paragraph 19, page 10 of the Complaint, Defendants deny the allegations therein.

/ / /

/ / /

3

Answer and Affirmative Defenses (3:16-cv-02300-MMA-DHB)

27. For an answer to paragraph 20, beginning on page 10 of the Complaint and continuing on page 11 of the Complaint, Defendants deny the allegations therein.

28. For an answer to paragraph 21, page 11 of the Complaint, Defendants deny the allegations therein.

29. For an answer to paragraph 22, page 11 of the Complaint, Defendants deny the allegations therein.

30. For an answer to paragraph 23, page 11 of the Complaint, Defendants deny the allegations therein.

31. For an answer to paragraph 24, beginning on page 11 of the Complaint and continuing on page 12 of the Complaint, Defendants deny the allegations therein.

32. For an answer to paragraph 25, page 12 of the Complaint, Defendants deny the allegations therein.

33. For an answer to paragraph 26, page 12 of the Complaint, Defendants deny the allegations therein.

34. For an answer to paragraph 27, page 12 of the Complaint, Defendants deny the allegations therein.

35. For an answer to paragraph 28, page 13 of the Complaint, Defendants reincorporate paragraphs 1 through 34 above as if fully set forth herein.

36. For an answer to paragraph 29, page 13 of the Complaint, Defendants deny the allegations therein.

37. For an answer to paragraph 30, page 13 of the Complaint, Defendants deny the allegations therein.

38. For an answer to paragraph 31, beginning on page 13 of the Complaint and continuing on page 14 of the Complaint, Defendants deny the allegations therein.

///

| | |
|---|---|
| 1 | 39. For an answer to paragraph 32, page 14 of the Complaint, Defendants deny the allegations therein. |
| 2 | |
| 3 | 40. For an answer to paragraph 33, page 14 of the Complaint, Defendants deny the allegations therein. |

39. For an answer to paragraph 32, page 14 of the Complaint, Defendants deny the allegations therein.

40. For an answer to paragraph 33, page 14 of the Complaint, Defendants deny the allegations therein.

41. For an answer to paragraph 34, beginning on page 14 of the Complaint and continuing on page 15 of the Complaint, Defendants deny the allegations therein.

42. For an answer to paragraph 35, page 15 of the Complaint, Defendants deny the allegations therein.

43. For an answer to paragraph 36, page 15 of the Complaint, Defendants reincorporate paragraphs 1 through 42 above as if fully set forth herein.

44. For an answer to paragraph 37, page 15 of the Complaint, Defendants deny the allegations therein.

45. For an answer to paragraph 38, beginning on page 15 of the Complaint and continuing on page 16 of the Complaint, Defendants deny the allegations therein.

46. For an answer to paragraph 39, page 16 of the Complaint, Defendants deny the allegations therein.

47. For an answer to paragraph 40, beginning on page 16 of the Complaint and continuing on page 17 of the Complaint, Defendants deny the allegations therein.

48. For an answer to paragraph 41, page 17 of the Complaint, Defendants deny the allegations therein.

49. For an answer to paragraph 42, page 17 of the Complaint, Defendants reincorporate paragraphs 1 through 48 above as if fully set forth herein.

50. For an answer to paragraph 43, beginning on page 17 of the Complaint and continuing on page 18 of the Complaint, Defendants deny the allegations therein.

51. For an answer to paragraph 44, page 18 of the Complaint, Defendants deny the allegations therein.

52. For an answer to paragraph 45, beginning on page 18 of the Complaint and continuing on page 19 of the Complaint, Defendants deny the allegations therein.

53. For an answer to paragraph 46, beginning on page 19 of the Complaint and continuing on page 20 of the Complaint, Defendants deny the allegations therein.

54. For an answer to paragraph 47, page 20 of the Complaint, Defendants reincorporate paragraphs 1 through 53 above as if fully set forth herein.

55. For an answer to paragraph 48, page 20 of the Complaint, Defendants deny the allegations therein.

56. For an answer to paragraph 49, beginning on page 20 of the Complaint and continuing on page 21 of the Complaint, Defendants deny the allegations therein.

57. For an answer to paragraph 50, page 21 of the Complaint, Defendants deny the allegations therein.

58. For an answer to paragraph 51, beginning on page 21 of the Complaint and continuing on page 22 of the Complaint, Defendants deny the allegations therein.

59. For an answer to paragraph 52, page 22 of the Complaint, Defendants deny the allegations therein.

60. For an answer to paragraph 53, page 22 of the Complaint, Defendants reincorporate paragraphs 1 through 59 above as if fully set forth herein.

61. For an answer to paragraph 54, page 23 of the Complaint, Defendants deny the allegations therein.

62. For an answer to paragraph 55, page 23 of the Complaint, Defendants deny the allegations therein.

63. For an answer to paragraph 56, on page 23 of the Complaint, Defendants deny the allegations therein.

64. For an answer to lines 1 through 11 on page 24 of the Complaint, Defendants lack sufficient information or belief upon which to admit or deny the allegations therein, and on that basis deny those allegations. The allegations therein are incomplete and out of context because it appears that Plaintiff filed and served an incomplete copy of the Complaint. As evidence of such, the allegations skip from paragraph 56 to 61 on ECF stamp pages 23 and 24 of the complaint, while Plaintiff's page numbering at the bottom of the Complaint skip from page 23 to 26.

65. For an answer to paragraph 61, beginning on page 24 of the Complaint and continuing on page 25 of the Complaint, Defendants deny the allegations therein.

66. For an answer to paragraph 62, page 25 of the Complaint, Defendants deny the allegations therein.

67. For an answer to paragraph 63, page 25 of the Complaint, Defendants reincorporate paragraphs 1 through 66 above as if fully set forth herein.

68. For an answer to paragraph 64, page 25 of the Complaint, Defendants deny the allegations therein.

69. For an answer to lines 1 through 6 on page 26 of the Complaint, Defendants lack sufficient information or belief upon which to admit or deny the allegations therein, and on that basis deny those allegations. The allegations therein are incomplete and out of context because it appears that Plaintiff filed and served an incomplete copy of the Complaint. As evidence of such, the allegations skip from paragraph 64 to 67 on ECF stamp pages 25 and 27 of the complaint, while Plaintiff's page numbering at the bottom of the Complaint skips from page 27 to 29.

70. For an answer to paragraph 67, page 26 of the Complaint, Defendants deny the allegations therein.

# AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants assert the following affirmative defenses:

## First Affirmative Defense
## (Failure to Exhaust Administrative Remedies)

71. The claims against one or more Defendants are barred, in that Plaintiffs failed to exhaust administrative remedies as to the Defendants or claims asserted in this action with either the California Victim Compensation Board or the California Department of Corrections and Rehabilitation by timely filing the appropriate administrative grievances.

## Second Affirmative Defense
## (Qualified Immunity)

72. Defendants are entitled to qualified immunity because there can be no constitutional violation based on the facts alleged or presented, and because Defendants' conduct did not violate clearly established law. At all relevant times, Defendants acted within their scope of discretion, with due care, with a good-faith fulfillment of responsibilities pursuant to applicable statutes, rules, regulations, and practices, and with the good-faith belief that their actions comported with all applicable federal and state laws.

## Third Affirmative Defense
## (Privilege)

73. Plaintiffs' claims are barred because Defendants' actions were privileged under the circumstances because Plaintiff Guardian Ad Litem Marissa Loftis was attempting to bring contraband items into the prison.

## Fourth Affirmative Defense
## (Justification)

74. Plaintiffs' claims are barred because Defendants' actions were reasonable and justified under the circumstances because reasonable correctional staff could

believe their actions were necessary to maintain, preserve, and ensure the safety and security of the institution because Plaintiff Guardian Ad Litem Marissa Loftis was attempting to bring contraband items into the prison.

### Fifth Affirmative Defense

### (Good Faith)

75. Plaintiffs' claims are barred because Defendants' actions were at all times performed in a good-faith effort to comply with established California Department of Corrections and Rehabilitations policies and procedures because reasonable correctional staff could believe their actions were necessary to maintain, preserve, and ensure the safety and security of the institution because Plaintiff Guardian Ad Litem Marissa Loftis was attempting to bring contraband items into the prison.

### Sixth Affirmative Defense

### (Failure to Mitigate)

76. Plaintiffs' claims for damages are barred, or should be reduced, because Plaintiffs failed to exercise reasonable diligence and/or behavior to mitigate the nature and extent of their claims and alleged injuries in that Plaintiffs failed to comply with the lawful orders of Defendants and correctional staff as they acted in the course of their official duties to maintain, preserve, and ensure the safety and security of the institution because Plaintiff Guardian Ad Litem Marissa Loftis was attempting to bring contraband items into the prison.

### Seventh Affirmative Defense

### (Damages)

77. Plaintiffs fail to allege facts sufficient to state a claim for compensatory or punitive damages for any action taken by Defendants in their individual capacities. Plaintiff cannot prove that Defendants failed to acted lawfully and reasonably to maintain, preserve, and ensure the safety and security of the

///

institution because Plaintiff Guardian Ad Litem Marissa Loftis was attempting to bring contraband items into the prison.

### Eighth Affirmative Defense
### (Rights, Privileges, Immunities)

78. Defendants deny that Plaintiffs were deprived of any rights, privileges, or immunities guaranteed by the laws of the United States of America or by the laws of the State of California because reasonable correctional staff could believe their actions were necessary to maintain, preserve, and ensure the safety and security of the institution because Plaintiff Guardian Ad Litem Marissa Loftis was attempting to bring contraband items into the prison.

### Ninth Affirmative Defense
### (Collateral Estoppel/Res Judicata)

79. Defendants assert this action may be subject to the doctrine of collateral estoppel or res judicata due to the pendency of any related state court proceedings arising from the same incidents and/or due to any duplicated federal claims.

### Tenth Affirmative Defense
### (Legitimate Penological Goals)

80. Defendants' actions were reasonably related to legitimate penological goals because reasonable correctional staff could believe their actions were necessary to maintain, preserve, and ensure the safety and security of the institution.

### Eleventh Affirmative Defense
### (No Vicarious Liability)

81. To the extent Defendants' alleged liability is based on their supervising capacities, they are not liable for damages under any doctrine of vicarious liability.

### Twelfth Affirmative Defense
### (No Recovery for Mental or Emotional Injury)

82. Plaintiffs cannot recover damages for mental or emotional injury because Plaintiffs cannot prove that Defendants' actions caused them physical injury.

## Thirteenth Affirmative Defense
### (Liability for Contributory Conduct)

83. Plaintiffs' injuries or damages were the result of the negligent or deliberate actions of Guardian Ad Litem Marissa Loftis in that this Plaintiff's behavior within CDCR contributed to the incidents alleged in the Complaint because Plaintiff Guardian Ad Litem Marissa Loftis was attempting to bring contraband items into the prison.

## Fourteenth Affirmative Defense
### (Reasonableness)

84. Defendants acted reasonably under the circumstances because reasonable correctional staff could believe their actions were necessary to maintain, preserve, and ensure the safety and security of the institution because Plaintiff Guardian Ad Litem Marissa Loftis was attempting to bring contraband items into the prison.

## Fifteenth Affirmative Defense
### (Foreseeability)

85. The alleged harm inflicted upon Plaintiffs was not foreseeable to the Defendants because reasonable correctional staff could believe their actions were necessary to maintain, preserve, and ensure the safety and security of the institution because Plaintiff Guardian Ad Litem Marissa Loftis was attempting to bring contraband items into the prison.

## Sixteenth Affirmative Defense
### (Eleventh Amendment Immunity)

86. Defendants are immune from suit for actions taken in their official capacities under the Eleventh Amendment to the United States Constitution.

## Seventeenth Affirmative Defense
### (Statute of Limitations)

87. The statute of limitations applies to invalidate one or more of Plaintiff's claims.

## Eighteenth Affirmative Defense

### (Favorable Termination Rule)

88. Plaintiffs' claims are barred by the favorable termination ruled. *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994).

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial before a jury on all issues presented by the Complaint triable to a jury.

WHEREFORE, Defendants pray that:

    1    Judgment be rendered in favor of Defendants and against Plaintiffs;

    2.    Plaintiffs take nothing by the Complaint;

    3.    Defendants be awarded costs of suit and attorneys' fees incurred herein; and

    4.    Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated: December 22, 2016            Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
Suzanne Antley
Deputy Attorney General

*s/ TERRENCE F. SHEEHY*

TERRENCE F. SHEEHY
Deputy Attorney General
*Attorneys for Defendants J. Wilborn and D. Ramos*

SD2016703108
81539755.doc

# CERTIFICATE OF SERVICE

| Case Name: | M. Loftis, et al. v. D. Ramos, et al. | No. | 3:16-cv-02300-MMA-DHB |
|---|---|---|---|

I hereby certify that on *December 22, 2016*, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER AND AFFIRMATIVE DEFENSES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On *December 22, 2016*, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Marissa Loftis
25300 Oakana Road
Ramona , CA  92065

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on *December 22, 2016*, at San Diego, California.

| T. Houston | *[signature]* |
|---|---|
| Declarant | Signature |

SD2016703108
81540295.doc81540295.doc