# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA LOFTIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DENISE RAMOS, et al., <br><br> Defendants. | Case No.: 16-cv-2300-MMA (DHB) <br><br> **ORDER FOLLOWING CASE MANAGEMENT CONFERENCE AND SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on July 28, 2017. At the hearing, attorney Laurence Haines specially appeared on behalf of Plaintiff Marissa Loftis for the purpose of settlement negotiations. Settlement was not reached, and both Mr. Haines and Mrs. Loftis acknowledged that Mr. Haines would no longer be appearing on Plaintiff's behalf in this case. Plaintiff Marissa Loftis affirmed with the Court that she is proceeding *pro se* in this litigation. The Court however, recognizes that Plaintiff Marquise Deangelo Loftis Jr., a minor, does not have representation at this point. Pursuant to Federal Rule of Civil Procedure 17(c), courts are under legal obligation to consider whether an incompetent person is adequately protected. However, no petition for appointment of a guardian ad litem has been filed with the Court to this point to trigger the Court's obligation to appoint a guardian ad litem.

Nonetheless, after consulting with the parties and attorney of record for the parties and being advised of the status of the case, and good cause appearing, the Court will issue a scheduling order in accordance with Federal Rule of Civil Procedure 16(b).

IT IS HEREBY ORDERED:

1. All parties shall fully comply with the Initial Disclosure requirements of Rule 26(a)(1) by **August 22, 2017**.

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **September 25, 2017**.

3. The parties must designate their respective experts in writing by **December 1, 2017**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is <u>not</u> limited to retained experts. The date for exchange of rebuttal experts must be by **December 15, 2017**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

4. By **January 26, 2018**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **February 23, 2018**.

6. Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All discovery must be completed by all parties by **March 30, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

8. Motions in limine are due **July 30, 2018**, and will be heard at the Pretrial Conference. Oppositions to motions in limine are due **August 13, 2018**. No Reply briefs will be accepted.[1] All other dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **April 30, 2018**. Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

9. A Mandatory Settlement Conference will be conducted on **April 30, 2018** at **10:00 a.m.** in the chambers of Magistrate Judge David H. Bartick. Parties and counsel shall submit settlement statements **directly** to Judge Bartick's chambers by **April 23,**

---

[1] For further information regarding motions in limine, please refer to Judge Anello's Civil Chambers Rules.

3

16-cv-2300-MMA (DHB)

**2018**.[2] The parties may submit confidential settlement statements. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate confidential statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>**. The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

Governmental entities may appear through litigation counsel only. As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.** All conference discussions will be informal, off the record, privileged, and confidential.

10. The parties must file their Memoranda of Contentions of Fact and Law and

---

[2] Statements under 20 pages in length, including attachments and exhibits, shall be e-mailed to chambers at efile_Bartick@casd.uscourts.gov. Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

take any other action required by Local Rule 16.1(f)(2) by **July 30, 2018**.

11. Parties and counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 30, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12. Parties and counsel must meet and take the action required by Local Rule 16.1(f)(4) by **August 6, 2018**. At this meeting, parties and counsel will discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Parties and counsel will exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Local Rule 16.1(f)(4)(c). Parties and counsel must note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Parties and counsel must cooperate in the preparation of the proposed pretrial conference order.

13. Counsel for Defendants will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **August 13, 2018**, Plaintiff must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff concerning any objections to form or content of the pretrial order, and both parties must attempt promptly to resolve their differences, if any, concerning the order.

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Michael M. Anello** on **August 27, 2018** at **2:30 p.m.**

15. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures must be prepared, served and lodged with Judge Anello by **August 17, 2018**,[3] and must be in the form prescribed in and

---

[3] As noted in Judge Anello's Civil Chambers Rules: "This rule modifies and supersedes the deadlines set forth in Civil Local Rule 16.1.f.6.b, as well as any inconsistent terms of a scheduling/case management order issued in a case by the assigned magistrate judge. Judge Anello **does not** require the parties to submit a joint proposed pretrial order *prior* to

comply with Local Rule 16.1(f)(6).

16. The trial is scheduled to start on **September 25, 2018** at **9:00 a.m.** The parties must file proposed jury instructions and verdict forms no later than 5 p.m. on **August 23, 2018**, unless otherwise directed by the Court. The parties should simultaneously email an electronic copy (Microsoft Word or Word Perfect format) to Judge Anello's e-file email address, efile_anello@casd.uscourts.gov.

17. The parties must review and be familiar with Judge Anello's Civil Chambers Rules.

18. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

19. The dates and times set forth herein will not be modified except for good cause shown.

20. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

21. Defense counsel must serve a copy of this order on all parties that enter this case hereafter.

IT IS SO ORDERED.

Dated: August 7, 2018

LOUISA S PORTER
United States Magistrate Judge

---

the final pretrial conference, and thus the requirement of Local Rule 16.1.f.6.b is **waived**. This policy allows for the parties to take into account the Court's rulings on motions in limine when preparing the joint proposed pretrial order."