XAVIER BECERRA
Attorney General of California
MICHELLE DES JARDINS
Supervising Deputy Attorney General
TERRENCE F. SHEEHY
Deputy Attorney General
State Bar No. 203986
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9545
  Fax: (619) 645-2581
  E-mail: Terrence.Sheehy@doj.ca.gov
*Attorneys for Defendants D. Ramos, C.
Davis, J. Ugalde, and C. Valadez*

KEITH H. RUTMAN (CSB #144175)
501 West Broadway Ste 1650
San Diego, California 92101-3541
Telephone: (619) 237-9072
Facsimile: (760) 454-4372
email: krutman@krutmanlaw.com
*Attorney for Plaintiffs Marissa Loftis
and Marissa Loftis as guardian ad
litem for minor Marquise Deangelo
Loftis, Jr.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARISSA LOFTIS, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**D. RAMOS, et al.,**<br><br>Defendants. | 3:16-cv-02300-MMA-RNB<br><br>**EX PARTE JOINT MOTION FOR A PROTECTIVE ORDER**<br><br>**[Chambers Rule IV.C]**<br><br>Date:  To be submitted<br>Time:  To be submitted<br>Courtroom: 2C<br>Judge:  Hon. Robert N. Block |

COME NOW the parties to the instant case, by and through their attorneys, and hereby jointly move the Court for a protective order governing sensitive, privileged, and confidential information that may be produced during the course of this litigation, and which is the subject of the parties' prior joint discovery motion, the parties' prior joint motion for a protective order, and the court's ruling(s) thereon. (ECF Nos. 43, 45, 46, 47.)

## INTRODUCTION

This is a § 1983 case stemming from the detention and strip search of Plaintiff Marissa Loftis at the RJ Donovan prison while she was attempting to visit her

husband on April 17, 2016.  Her 6-year-old son was allegedly separated from her during the approximate 3-hour period she was detained.

In her initial series of Requests for Production of Documents, Plaintiff, then pro se, but now represented by counsel, requested production of a series of documents.  In response, the Defendants produced a number of documents, but withheld certain documents based upon the assertion of the "official information privilege."  A privilege log accompanying the responses identified the withheld documents as:

    1.    undated report of Correctional Officer C. Davis, Subject: Information Regarding Marissa Philips and Inmate Loftis, AF9076,

    2.    report of Sergeant D. Ramos, dated April 30, 2016, Subject: Civilian, Marissa Loftis-Phillips.

The parties filed a joint motion for resolution of a discovery dispute, which was denied without prejudice.  (ECF Nos. 46, 47.)  The parties, through their attorneys, met and conferred to discuss this joint motion and a revised proposed protective order, and have jointly collaborated in the drafting of this ex parte motion and the revised proposed protective order.  This application follows.

Based on the foregoing, and in the event the Court concludes that the identified documents and other confidential documents, should be disclosed during the course of this litigation, the parties respectfully suggest that a protective order is prudent and necessary.  For the purpose of this joint motion, it is undisputed that the two documents identified above are subject to the "official information privilege" and are subject to Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

In accordance with the Court's Civil Chambers Rules, § IV.C, the parties respectfully propose the following protective order:

## PROPOSED PROTECTIVE ORDER

The Court recognizes that at least some of the documents and information (materials) being sought through discovery in the above-captioned action are normally kept confidential by the parties.

The materials to be exchanged throughout the course of the litigation between the parties may include, but are not be limited to: documents; correspondence; memoranda.  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

**THEREFORE:**

### DEFINITIONS

1.    The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.  The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information, reports, memorandum, recordings, or information protected by privacy or official information privileges as contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).

2.    The term "materials" will include, but are not be limited to: documents; correspondence; memoranda.

3.    The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by counsel of record.

### GENERAL RULES

4.    Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or

3

information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

      a.    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the safety and security of such party, its staff, employees, correctional institutions, the California Department of Corrections and Rehabilitations, or inmates therein.

      b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to confidential information the disclosure of which poses a threat to the safety and security of any party, the California Department of Corrections and Rehabilitations, it's staff, employees, correctional institutions, or inmates therein.

5.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.    Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

/ / /

a.      the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b.      the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.      the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.      All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.      Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this paragraph.  The

5

right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court.  The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert.  Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert.  Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made.  The approval of independent experts must not be unreasonably withheld.

9.    Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a)    Executives who are required to participate in policy decisions with reference to this action;

b)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

c)    Stenographic and clerical employees associated with the individuals identified above.

10.   With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.   All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.   No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal.  An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel.  If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13.   At any stage of these proceedings, any party may object to a designation of the materials as confidential information.  The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by

/ / /

Ex Parte Joint Mot. for Protective Order (3:16-cv-02300-MMA-RNB)

the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.   All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.   No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.   If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

8

17.   Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.   Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19.   This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.   Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21.   Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.

Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

9

22.   The restrictions and obligations set forth within this order will not apply to any information that:

     (a)   the parties agree should not be designated confidential information;

     (b)   the parties agree, or the Court rules, is already public knowledge;

     (c)   the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

     (d)   has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by preproduction documentation.

23.   The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24.   Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25.   This Order may be modified by agreement of the parties, subject to approval by the Court.

26.   The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  **EXHIBIT A TO PROPOSED PROTECTIVE ORDER**

2  **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3        I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of perjury

5  that I have read in its entirety and understand the Stipulated Protective Order that

6  was issued by the United States District Court for the Southern District of

7  California on _____ [date] in the case of *Marissa Loftis, et al. v. D. Ramos, et*

8  *al.*, 3:16-cv-02300-MMA-RNB (S.D. Cal.).  I agree to comply with and to be

9  bound by all the terms of this Stipulated Protective Order and I understand and

10  acknowledge that failure to so comply could expose me to sanctions and

11  punishment in the nature of contempt.  I solemnly promise that I will not disclose in

12  any manner any information or item that is subject to this Stipulated Protective

13  Order to any person or entity except in strict compliance with the provisions of this

14  Order.

15        I further agree to submit to the jurisdiction of the United States District Court

16  for the Southern District of California for the purpose of enforcing the terms of this

17  Stipulated Protective Order, even if such enforcement proceedings occur after

18  termination of this action.

19        I hereby appoint _____ [print or type full name] of

20  _____ [print or type full address and

21  telephone number] as my California agent for service of process in connection with

22  this action or any proceedings related to enforcement of this Stipulated Protective

23  Order.

24  Date: _____

25  City and State where sworn and signed: _____

26  Printed name: _____

27  Signature: _____

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CONCLUSION

Based on the foregoing, the parties respectfully request the Court to issue a protective order in this case.

April 20, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MICHELLE DES JARDINS
Supervising Deputy Attorney General

*s/ TERRENCE F. SHEEHY*

TERRENCE F. SHEEHY
Deputy Attorney General
*Attorneys for Defendant D. Ramos, C. Davis, J. Ugalde, and C. Valadez*

*s/ KEITH H. RUTMAN*

KEITH H. RUTMAN
*Attorney for Plaintiffs Marissa Loftis and Marissa Loftis as guardian ad litem for minor Marquise Deangelo Loftis, Jr.*

# SIGNATURE CERTIFICATION

Pursuant to § 2(f) of the Southern District of California's Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all persons required to sign the document and that I have obtained authorization to affix the electronic signatures of all parties on the document.

Dated: April 20, 2018

*/s Terrence F. Sheehy*
TERRENCE F. SHEEHY
Deputy Attorney General
*Attorneys for Defendant D. Ramos, C. Davis, J. Ugalde, and C. Valadez*

SD2016703108
71436055.docx

12

# CERTIFICATE OF SERVICE

Case Name:   **M. Loftis, et al. v. D. Ramos, et al.**        No.   **3:16-cv-02300-MMA-RNB**

I hereby certify that on *April 20, 2018*, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**EX PARTE JOINT MOTION FOR A PROTECTIVE ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on *April 20, 2018*, at San Diego, California.

| | |
|---|---|
| T. Houston | |
| Declarant | Signature |

SD2016703108
71436319.docx